J-S70040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSE CRUZ, | : | |
| | : | |
| Appellant | : | No. 1980 EDA 2013 |

Appeal from the PCRA Order March 1, 2013
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0805421-2002

BEFORE: OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 15, 2016**

Jose Cruz ("Cruz") appeals, *pro se*, from the dismissal of his second

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously set forth the relevant facts as follows:

On June 23, 2002[,] Javier Hernandez [("Hernandez")] was
drinking and playing pool at the H&R Bar at 301 East Allegheny
Avenue in Philadelphia. He was in this bar with numerous
friends and family members, including his friend[,] Elis Ortega
("Ortega")[,] and his niece[,] Yesenia Rodriguez ("Rodriguez").

Cruz bumped into [Hernandez] at the bar, which resulted in a
fight. The bartender demanded that Cruz and [Hernandez] stop
fighting and the men briefly complied. The fight resumed,
however, during which Ortega observed a handgun in Cruz's
waistband. When the fight ended, Cruz was escorted out of the
bar.

Outside the bar, Ortega watched as Cruz pulled a gun out of his
waistband and walked back inside. Upon returning, Cruz shot
[Hernandez] in the back, causing him to fall to the ground. Cruz
then stood over [Hernandez] and continued to shoot
[Hernandez] multiple times. [Hernandez] later died from the

gunshot wounds at Temple University Hospital. During the police investigation of the incident, the bartender, Ortega, and Rodriguez all identified Cruz in a photo array as the man who shot [Hernandez].

Cruz was subsequently arrested and charged with murder and possessing instruments of crime. Following a jury trial, he was convicted of these charges and sentenced to life imprisonment for the murder charge and one to five years for possessing instruments of crime. Cruz filed a direct appeal with this Court, in which we affirmed his judgment of sentence. ***Commonwealth v. Cruz,*** 895 A.2d 645 (Pa. Super. 2006) (unpublished memorandum)[, *appeal denied*, 903 A.2d 1232 (Pa. 2006)]. Cruz subsequently filed a timely *pro se* PCRA petition. Counsel was appointed and an amended petition was filed on April 14, 2008. On January 13, 2009, the PCRA court dismissed Cruz's amended petition without a hearing.

***Commonwealth v. Cruz***, 6 A.3d 551 (Pa. Super. 2010) (unpublished memorandum at 1-2) (footnote omitted), *appeal denied*, 14 A.3d 823 (Pa. 2010). This Court affirmed the PCRA court's dismissal.

Cruz, through retained counsel, filed the instant PCRA Petition, his second, on December 14, 2011. After providing a Pennsylvania Rule of Criminal Procedure 907 Notice, the PCRA court dismissed the Petition without a hearing. Cruz did not file an appeal. Thereafter, Cruz filed another counseled PCRA Petition, seeking leave to file a *nunc pro tunc* appeal from the dismissal of his second PCRA Petition because neither he nor his counsel received notice of the denial. The PCRA court granted the Petition and reinstated Cruz's appellate rights. Cruz, *pro se*, filed a *nunc pro tunc* appeal. This Court entered a *per curiam* Order remanding the matter to the PCRA court to conduct a hearing pursuant to ***Commonwealth v.***

*Grazier*, 713 A.2d 81 (Pa. 1998). Following the *Grazier* hearing, the PCRA court allowed Cruz to proceed *pro se*.

On appeal, Cruz raises the following question for our review: "Whether the PCRA court erred in dismissing without a hearing [Cruz's] December 14, 2011 Petition for post-conviction relief as untimely filed where, duly accepted as true, the facts as alleged by [Cruz] more than satisfied the requirements of 42 Pa.C.S.[A.] §§ 9545(b)(1)(ii) and 9545(b)(2)[?]" Brief for Appellant at 4.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Cruz's judgment of sentence became final on October 31, 2006, after the Supreme Court of Pennsylvania denied allowance of appeal on August 2, 2006, and the ninety-day period to seek review with the Supreme

- 3 -

Court of the United States expired. ***See Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). Thus, Cruz had until October 31, 2007, to file a timely PCRA petition. Because Cruz did not file the instant PCRA Petition until December 14, 2011, his Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); ***Albrecht***, 994 A.2d at 1094.

Cruz invokes the newly-discovered facts exception at 9545(b)(1)(ii),[1] and argues that his ex-girlfriend, Darlena Baez ("Baez"), executed an affidavit stating that Cruz attended her high school graduation party on the day of the murder, and that she was on the phone with him during the time when the murder was committed. Brief for Appellant at 12-13, 15. Cruz contends that he exercised due diligence because Baez had been uncooperative until December 2011. ***Id***. at 15-17, 20. Cruz also asserts that the Commonwealth did not present overwhelming evidence of his guilt, as there is no physical evidence connecting him to the murder, and the

---

[1] To prove the newly-discovered facts exception, "the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Brown***, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

witness identifications were suggestive. *Id*. at 21-22. Cruz further claims that the PCRA court should have held an evidentiary hearing. *Id*. at 22-24.

The PCRA court addressed this claim as follows:

Our review of the record determined that this was not newly[-] discovered [facts]. Indeed[,] the issue in [Cruz's] first PCRA proceeding was his claim that [] trial counsel was ineffective for prohibiting [Cruz] from testifying on his own behalf. More specifically, in his own affidavit attached to his first Petition, [Cruz] claimed that he would have testified to an alibi. [] [H]e would have claimed that he was attending his then girlfriend's graduation party and then went home to watch television. Clearly the purported alibi was not newly[-]discovered [facts]. He knew about it at the time of trial. The identity of his girlfriend was not newly[-]discovered [facts]. … In the instant PCRA Petition, [Cruz] provided no explanation as to why this Affidavit could not have been raised and included in his first PCRA Petition. Accordingly, [Cruz] was not entitled to a hearing[.]

PCRA Court Opinion, 5/5/14, at 4-5 (footnotes omitted); *see also* Affidavit of Baez, 12/1/11, at 1 (unnumbered) (wherein Baez states that "I have always been willing to testify to these facts at a trial. To this day[,] I have no idea why I was not called to testify on behalf of [] Cruz.").

Upon our review, we agree with the PCRA court's finding and conclude that Cruz has not established the newly-discovered facts exception. *See* PCRA Court Opinion, 5/5/14, at 4-5; *see also Commonwealth v. Marshall*, 947 A.2d 714, 721 (Pa. 2008) (stating that the newly-discovered facts exception "focuses on facts, not on a newly discovered or newly willing source for previously known facts[.]") (emphasis and quotation marks omitted); *Commonwealth v. Padillas*, 997 A.2d 356, 364 (Pa. Super.

2010) (stating that "[a] defendant who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that course constitutes newly discovered evidence.").[2]  Moreover, the PCRA court did not abuse its discretion in declining to hold an evidentiary hearing as Cruz filed an untimely PCRA Petition, and failed to plead and prove an exception to the timeliness requirement.  **See Commonwealth v. Garcia**, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016

---

[2] This Court previously noted the following:

> Three witnesses, [] Ortega, Annette Andino, and [] Rodriguez, all testified to seeing Cruz at the bar the night of the murder, and each of them identified Cruz in a photo lineup after the shooting and again at trial.  **See** N.T., 7/28/04, at 141, 159; N.T., 7/29/04, at 5-6, 22, 38, 51.  Furthermore, both Ortega and Rodriguez testified to seeing Cruz with a firearm moments before the shooting, and Rodriguez testified that she witnessed Cruz shoot and kill [Hernandez].  **See** N.T., 7/28/04, at 144; N.T., 7/29/04, at 47.

**Cruz**, 6 A.3d 551 (unpublished memorandum at 4).